UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDMUND C. BOTHA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>　　　　　　　　　Defendants. | Case No.  2:14-cv-00547-RCJ-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(IFP App. - Dkt. #1) |

　　　　Plaintiff Edmund C. Botha is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint.  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.　　In Forma Pauperis Application.**

　　　　Botha has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Botha's complaint.

**II.　　Screening the Complaint.**

　　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

1


the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Botha's complaint attempts to state negligence and medical malpractice claims against Defendants United States of America, the Department of Justice, and the Federal Bureau of Prisons at FCI Terminal Island, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., related to medical care he received while incarcerated at FCI Terminal Island, Long Beach, California. Botha alleges medical staff at FCI Terminal Island improperly treated an open wound on his right ankle. He alleges he was denied a covering or wrap while showering, and the medical staff's negligent treatment caused a staph infection in his right leg, nearly resulting in amputation of his leg. Botha was hospitalized for three weeks to treat the infection and underwent three weeks of physical therapy afterward.

Botha alleges he suffered severe damage to his right leg, ankle, and foot; has scarring, discoloration, atrophy, loss of strength and range of motion; and the bones in his foot have shifted. Botha asserts he must undergo further surgery and physical therapy to fully recover, and

he may walk with a limp. In addition, Botha alleges he had no outside contact with his family or children while he was being treated, and he suffered severe mental and emotional distress as a result of his injuries.

Botha attempts to bring his claims pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA is a limited waiver of the United States' sovereign immunity, and it creates a private right of action in tort against the United States.

In order to prove a FTCA violation, Earls must make a claim for money damages

> for injury or loss of property, or *personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Botha alleges his administrative claim was denied on October 16, 2013, and he filed his complaint on April 10, 2014. Thus, it appears Botha has exhausted his administrative remedies.

The complaint names the United States of America, the Department of Justice, and the Federal Bureau of Prisons at FCI Terminal Island as Defendants. However, when the government is sued under the FTCA, and the employee is acting within the scope of employment, the complaint should name the United States of America as the sole defendant and not the federal agency. *See FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir. 1998). A federal agency is not a proper defendant under the FTCA. *Id.* Accordingly, the Department of Justice and the Federal Bureau of Prisons are not proper Defendants in an FTCA claim, and they will be dismissed for lack of subject matter jurisdiction. Additionally, Botha's complaint requests a trial by jury. However, under the FTCA, there is no right to a jury trial. *See* 28 U.S.C. § 2402.

As an initial matter, a federal prisoner may maintain a claim for damages against the United States under the Federal Tort Claims Act. *See United States v. Muniz,* 374 U.S. 150 (1963); *Vander v. U.S. Dept. of Justice,* 268 F.3d 661 (9th Cir. 2001) (recognizing validity of

1 FTCA claim where injuries caused by prison official negligence, but finding claim barred
2 because plaintiff injured during work at prison, and Prison Industries Fund is exclusive remedy
3 for prisoners injured working in prison even where injury is subsequently aggravated by
4 negligence or malpractice of prison officials).

5 Here, Plaintiff's complaint alleges negligent hiring, negligent retention, and medical
6 malpractice claims under Nevada law. However, in deciding claims brought pursuant to the
7 FTCA, the court applies the law of the state where the alleged tort occurred. *See* 28 U.S.C.
8 § 1346(b)(1); *see also Aguilar v. United States,* 920 F.2d 1475, 1477 (9th Cir. 1990), *abrogated*
9 *on other grounds by United States v. Olson,* 546 U.S. 43, 46 (2005). Botha alleges his claims
10 arose at FCI Terminal Island in Long Beach, California. Therefore, the court will apply
11 California law.

12 To state a claim for medical malpractice under California law, Botha must allege: (1) the
13 duty of the professional to use such skill, prudence, and diligence as other members of his
14 profession commonly possess and exercise; (2) a breach of that duty; (3) proximate causation
15 between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting
16 from the professional's negligence. *See Hanson v. Grode,* 76 Cal. App. 4th 601, 606 (Cal. 1999).
17 Botha alleges that medical staff at FCI had a duty to provide ordinary care and to exercise the
18 degree of care required of health care providers. He asserts the medical staff breached that duty
19 by improperly treating a wound on his ankle, causing a staph infection, extended hospitalization,
20 and long-term injury to his leg. Botha asserts that as a result of medical staff's negligence, he
21 suffered severe damage to his right leg, ankle, and foot. Accepting Botha's allegations as true,
22 he has stated an FTCA claim for medical malpractice.

23 However, Botha cannot state a claim for negligent hiring and supervision. Although
24 California recognizes the tort of negligent training, supervision, and retention, the Ninth Circuit
25 has held that negligent supervision claims "fall squarely within the discretionary function
26 exception" to the FTCA. *See Delfino v. Agilent Techs., Inc.,* 145 Cal. App. 4th 790, 815 (Cal.
27 Ct. App. 2006) (recognizing tort of negligent hiring, supervision, and retention under California
28 law); *see also Nurse v. United States,* 226 F.3d 996, 1001-02 (9th Cir. 2000) (citing *Gager v.*

4

1  *United States,* 149 F.3d 918, 920-21 (9th Cir. 1998) (government decision to forego employee
2  training was discretionary one)); *Tonelli v. United States,* 60 F.3d 492, 496 (8th Cir. 1995)
3  (issues of employee supervision, retention, and hiring involve permissible exercise of "policy
4  judgment"); *K.W. Thompson Tool Co., Inc. v. United States,* 836 F.2d 721 (1st Cir. 1988)). The
5  prison's hiring, supervision, and retention of its medical staff is a discretionary function. It
6  entails the consideration of policies and competing administrative and investigatory priorities
7  and is immunized from liability under the FTCA. Accordingly, Botha's negligent supervision
8  claim must be dismissed for lack of subject matter jurisdiction.

9  Accordingly,

10  **IT IS ORDERED:**

11  1. Plaintiff's request to proceed in forma pauperis is **GRANTED**. Plaintiff shall not be
12  required to pay the filing fee of four hundred dollars.

13  2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
14  prepayment of any additional fees or costs or the giving of a security. This Order
15  granting leave to proceed in forma pauperis shall not extend to the issuance of
16  subpoenas at government expense.

17  3. The Clerk of Court shall file the Complaint and issue summons.

18  4. The Clerk of Court shall deliver the summons and Complaint to the U.S. Marshal for
19  service on the United States Attorney for the District of Nevada.

20  5. The Clerk of Court shall mail a copy of the Complaint and summons by registered or
21  certified mail to the Attorney General of the United States at Washington, D.C., at the
22  following address:

Attorney General of the United States
Department of Justice
Room 5111
10th & Constitution Avenue, NW
Washington, D.C. 20530

26  6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has
27  been entered by counsel, upon the attorney(s), a copy of every pleading motion or
28  other document submitted for consideration by the court. Plaintiff shall include with

the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

**IT IS RECOMMENDED**:

1. Plaintiff's claims against the Department of Justice, the Federal Bureau of Prisons, and FCI Terminal Island be DISMISSED for lack of subject matter jurisdiction
2. Plaintiff's negligent hiring, retention, and training claims be DISMISSED for lack of subject matter jurisdiction.

Dated this 2nd day of September, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE