UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDMUND C. BOTHA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  Defendants. | Case No. 2:14-cv-00547-RFB-PAL<br><br>**ORDER TRANSFERRING CASE** |

This matter is before the Court on Defendant United States of America's ("United States") Motion to Transfer Venue to the Central District of California. (ECF No. 15). Plaintiff Edmund C. Botha's response to the motion was due on February 20, 2015. Botha did not file a response, which constitutes consent to the granting of the motion under the Local Rules for this district. LR II 7-2(d). Nonetheless, the Court has reviewed the United States' motion and finds that it should be granted.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). In making this evaluation, courts may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99.

As a substantial part of the events giving rise to Botha's claim arose in the Central District of California, venue is proper in that district and the case may be transferred there. 28 U.S.C. §§ 1391(b)(2), 1404(a). In addition, considering the factors listed above, the Court concludes that interests of convenience and fairness weigh in favor of transfer. All of the events occurred in California and witnesses to Botha's claim will likely be located there rather than in Nevada. Moreover, California substantive law applies to Botha's claim, and medical experts on the standard of care in California are more likely to be located there. Finally, transfer will likely reduce the costs of litigation. These factors outweigh the consideration given to Botha's choice of forum in Nevada.

For these reasons,

**IT IS ORDERED** that Plaintiff United States of America's Motion to Transfer Venue (ECF No. 15) is GRANTED. This case is transferred to the United States District Court for the Central District of California.

DATED: September 3, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**